EDI M. O. FAAL, ESQ., SBN 107477
RENÉE L. CAMPBELL, ESQ. SBN 104020
LAW OFFICES OF EDI M. O. FAAL
1055 W. 7th Street, Suite 2140
Los Angeles, California 90017
Telephone: (213) 534-0344;  Facsimile: (213) 534-0347

Attorney for Plaintiff DUAL DIAGNOSIS ASSESSMENT AND TREATMENT CENTER, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DUAL DIAGNOSIS ASSESSMENT AND TREATMENT CENTER, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**MARY HUGHES, XEROX BUSINESS SERVICES, LLC, and DOES 1-25.**<br><br>Defendants. | Case No.: 2:13-CV-06935-SVW-VBK<br><br>[Honorable Stephen V. Wilson]<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION TO WITHDRAW THE DEEMED ADMISSIONS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[DECLARATION OF RENÉE L. CAMPBELL; [PROPOSED] ORDER FILED AND SERVED CONCURRENTLY HEREWITH]<br><br>**Trial Date: November 14, 2017** |

Plaintiff DUAL DIAGNOSIS ASSESSMENT AND TREATMENT CENTER, INC. hereby applies *ex parte* for an order to withdraw the Admissions

deemed admitted which were propounded by Defendant XEROX BUSINESS SERVICES, LLC.

*Ex parte* relief is necessary because trial in this matter is set on November 14, 2017, and during the meet and confer conference regarding a Motion to Withdraw the deemed admissions, Defendant's counsel indicated that Defendant will bring a Motion for Summary Judgment in this matter using the deemed admissions. Consequently, Plaintiff must seek immediate relief to avoid irreparable harm of possible summary judgment being entered based on the deemed admissions. Plaintiff's counsel mistakenly believed that Plaintiff had been granted an extension to respond to the Requests for Admissions, based on Defense counsel original agreement to grant the extension. In a subsequent e-mail, defense counsel rescinded the extension.

This Application is brought pursuant to Rule 36(b) of the Rules of Federal Procedure, on the grounds that Dual Diagnosis should be allowed to have the deemed admissions withdrawn because it would promote the presentation of the merits of the action and the defendant will not be prejudiced.

This Application is based upon this Notice, the Memorandum of Points and Authorities, the attached Exhibits the Declaration of Renée L. Campbell, and pleadings and records on file in this action.

Pursuant to Local Rules of Court, Rule 7:19.1, Plaintiff's Counsel, Renée L. Campbell, gave notice to opposing counsel, W. Christopher Dalton of Call & Jensen, on Sept. 15, and Sept. 18, 2017, at 610 Newport Center Drive, Suite 700 Newport Beach, CA 92660, cdalton@calljensen.com, that Plaintiff would submit this *ex parte* application to withdraw the deemed admissions on September 19, 2017. Defendant's counsel did not state that Defendant would oppose the Application.

Dated:  September 19, 2017  **LAW OFFICE OF EDI M.O. FAAL**

By: /S/ Renée L. Campbell
Edi M. O. Faal, Esq.
Renée L. Campbell, Esq.
Attorney for Plaintiff Dual Diagnosis Assessment and Treatment Center, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF RELEVANT FACTS

Plaintiff flied this action against Defendant Xerox because Xerox was the fiscal intermediary, which contracted with the State of California to process claims for small business Medi-Cal providers, such as Plaintiff. Xerox breached its obligation to Plaintiff to competently process and file Plaintiff's claims for reimbursement. Xerox employees acknowledged in writing that it had instructed Plaintiff to use the wrong forms (CMS 1500), for submission of the Medi-Cal claims. Furthermore Xerox employees intentionally made false accusations against Plaintiff to force an audit by the Department of Health Care Services to cover up Xerox's gross failures, and to permanently put Dual Diagnosis out of business.

On July 27, 2017 Defendant served Request for Admissions, Set Two, on Plaintiff. On August 25, 2017 defense counsel, Chris Dalton granted plaintiff an extension to respond to the discovery. However, Plaintiff's counsel, Renée L. Campbell failed to confirm the extension in writing. On August 28th, the parties were working on the terms of a stipulation regarding re-instatement of the case against Xerox[1] and continuance of the trial. When Plaintiff's counsel would not agree to request a continuance of the trial date to March 2018, defense counsel

---

[1] On August 22, 2017 the Court issued an Order granting Defendant Mary Hughes' Motion to Dismiss and the Order inadvertently dismissed the entire case, including Xerox. After the parties filed the Stipulation the Court re-instated the action against Xerox.

reneged on his prior agreement to grant the extension. (*See* Exhibit C Chris Dalton's email dates Aug. 29, 2017). On August 29th, our office decided to agree to request the continuance of the trial to March 2018. Even though Plaintiff's counsel had not sent written confirmation that this agreement would reinstate the extension to respond to the Request for Admissions, Plaintiff's counsel nevertheless thought that the extension was back in place. On September 14, 2017 Plaintiff's counsel served Plaintiff's Responses to Xerox's Request for Admissions on counsel for Defendant Xerox via e-mail and U. S. Mail.

On September 14, 2017 Plaintiff's counsel an e-mail from Defendant's counsel, Scott Shaw, informing counsel that Plaintiff's Responses to Request for Admissions would not be accepted because they were already deemed admitted and Plaintiff would have to file a motion to seek relief.

## II. ARGUMENT

This Court has discretion to permit a request for admission to be withdrawn or amended if it would promote the presentation of the merits of the case, and if the Court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. Fed. R.Civ.P. 36(b). The Ninth Circuit confirmed this two-pronged test as: (1) presentation of the merits of the action must be preserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal. *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001). This

test is tailored to the purpose of Rule 36 generally. (*See* 8B Fed. Prac. & Proc. Civ. § 2257 (3d ed. 2013).

### A. Allowing Plaintiff to Withdraw the Deemed Admissions Promotes The Presentation Of The Merits Of The Action

The purpose of Rule 36 is to promote truth-seeking in litigation. As Rule 36 specifically states, it is designed to "promote the presentation of the merits of the action." A refusal to permit withdrawal of deemed admissions may be an overly harsh sanction, when a deemed admission would be dispositive of the litigation, and no unfair prejudice would result from withdrawal.

The court in *Hadley v. U.S.,* 45 F.3d 1345, 1348 (9th Cir. 1995) specified that the first prong is met when "upholding the admissions would practically eliminate any presentation of the merits of the case." In Hadley, the denial of the motion to withdraw the admissions would have eliminated any need to determine the merits because the admissions "essentially admitted the necessary elements" of the case.

Here, permitting withdrawal and amendment of the deemed admissions would "promote the presentation of the merits of the action," Fed. R.Civ.P. 36(b), as the deemed admissions go to the ultimate issues in this litigation, and may well be dispositive of the matter.

Defendant's Requests for Admissions, Set Two, Nos. 14- 28, 30, 31, 34, 35, 40, 42—47, which have been deemed admitted, effectively deny Dual Diagnosis the

opportunity to present the merits of its' case because the majority of admissions address the core claims set forth in the Third Amended Complaint. As an example, Request for Admission No. 19 states "Admit that no XEROX representative ever advised YOU to process claims for Medi-Cal reimbursement on CMS1500 forms." This flies in the face of the document produced in this case by Xerox, which is an e-mail from Scott Bravell, the Southern Regional Provider Representative, Provider Outreach & Education of Xerox State Healthcare, LLC, who wrote:

> "Dr. Miller,
>
> I need to clarify some items of mis-understanding (sic) in your email below:
>
> **ALL claims must be submitted to us on a CMS-1500 claim form, regardless of whether they are stored in your server or not.** If you cannot generate a copy of any needed claim forms from your server, than it is your responsibility to create a new claim from. . . .
> [Emphasis in the original.]  (See Declaration of Renée L. Campbell ¶5)

Thus, Dual Diagnosis, like Hadley, will be unable to present a prima facie case if it is not permitted to withdraw deemed admissions.

### B. Defendant Xerox Will Not be Prejudice In Defending This Action on Merit

The second prong of the test under Rule 36(b) places the burden of proving prejudice on the party receiving the admissions. *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001). Here, Xerox has the burden of proving prejudice however it will be unable to do so.

The second prong inquiry "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence," *Hadley*, 45 F.3d at 1348, not merely that the party who obtained admissions will now have to convince the fact finder of its truth. *Id*. Courts have found prejudice mostly in cases where the motion for withdrawal was submitted in the middle of the trial or once a trial began. *Id*., see, e.g., 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985) (holding under prejudice prong of FRCP 36(b) test that "a more restrictive standard" applies in permitting withdrawal of deemed admissions once trial has commenced). In Hadley, the government argued prejudice despite the fact that the other party filed the motion to withdraw before the trial began. *Hadley*, 45 F.3d at 1349. The government further argued that they would have cross-examined the other party in a much more vigorous fashion during a deposition if Hadley filed his responses in a timely fashion. Id. The Hadley court held that because the cases in which motion for withdrawal require a high level of reliance on the admissions, the government did not meet its burden, and the inconvenience the government suffered because of the withdrawal could be overcome by various means, such as cross-examination at trial. Just like in Hadley, WILSON is requesting a motion for withdrawal of admissions before any trial has commenced and, indeed, before the close of discovery.

## III. CONCLUSION

Rule 36 makes it clear that disposition of cases on the merits is favored (as opposed technicalities). The presentation of the merits of action would be served by granting Plaintiff's Application to Withdraw. Defendant Xerox will not be prejudiced. Therefore the Court should grant Plaintiff's Application and allow the withdrawal of the deemed admissions.

Dated:  September 19, 2017        LAW OFFICE OF EDI M.O. FAAL


By:  /S/ Renée L. Campbell
　　　Edi M. O. Faal, Esq.
　　　Renée L. Campbell, Esq.
Attorney for Plaintiff Dual Diagnosis
Assessment and Treatment Center, Inc.

9
EX PARTE APPLICATION TO WITHDRAW DEEMED ADMISSIONS

# **DECLARATION OF RENÉE L. CAMPBELLL**

I, Renée L. Campbell, declares as follows:

1.    That I am licensed to practice before all Courts in California. I am one of the attorneys for Plaintiff Dual Diagnosis Assessment and Treatment Center, Inc. in this case. I make this declaration of my own personal knowledge and in support of Plaintiff's *Ex Parte* Application to Withdraw Deemed Admissions. If called as a witness, I could and would testify competently as to the matters set forth herein.

2.    On July 27, 2017 Defendant served Request for Admissions, Set Two, on Plaintiff. On August 25, 2017, during a telephone conference with defense counsel, Chris Dalton, I requested an extension to respond to the outstanding discovery, i.e. Request for Admissions and Request for Production of Documents. Mr. Dalton granted my request, however I failed to memorialize the extension in writing. On August 28th, the parties were working on the terms of a stipulation regarding re-instatement of the case against Xerox[2] and continuance of the trial. When our office would not agree to request a continuance of the trial date to March 2018, defense counsel reneged on his prior agreement to grant the extension. (*See* Exhibit C Chris Dalton's email dates Aug. 29, 2017). On August 29th, our office decided to agree to request the continuance of the trial to March 2018. Even though I hadn't sent written confirmation that this reinstated the extension to respond to the Request for Admissions, I nevertheless thought that the extension was back in place.

3.    On September 14, 2017 I served Plaintiff's Responses to Xerox's Request for Admissions on counsel for Defendant Xerox via e-mail and U. S. Mail.

4.    On September 14, 2017 I received an e-mail from Scott Shaw informing me that Plaintiff's Responses to Request for Admissions would not be

---
[2] Id.

accepted because they were already deemed admitted and Plaintiff would have to file a motion to seek relief.

5. Our office received Plaintiff's case file from Plaintiff's prior counsel Kent Easter, in or about December 2014. The file included discovery responses from Xerox. Among the documents produced was an e-mail from Scott Bravell of Xerox, with the bate-stamp "XER 000291." The e-mail instructs Dr. Edna Miller of Dual Diagnosis that "ALL claims must be submitted to us on a CMS-1500 form. . ."

6. *Ex parte* relief is necessary because trial in this matter is set on November 14, 2017, and during the meet and confer conference regarding a Motion to Withdraw the deemed admissions, Chris Dalton informed me that Defendant will bring a Motion for Summary Judgment in this matter using the deemed admissions. Consequently, Plaintiff must seek immediate relief to avoid irreparable harm of possible summary judgment being entered based on the deemed admissions.

7. I gave notice to opposing counsel, W. Christopher Dalton of Call & Jensen, on September 15, 2017, that Plaintiff would make a motion to withdraw the deemed admissions. I called him again on Sept. 18th to advise him that I would file this *ex parte* application to withdraw the deemed admissions on September 19, 2017. Defendant's counsel did not state that Defendant would oppose the Application.

8. A true and correct copy of Defendant's Request for Admissions served on July 31, 2017 is attached hereto as Exhibit A. A true and correct copy of Plaintiff's Responses to Defendant's Request for Admissions is attached hereto as Exhibit B. A true and correct copy of the e-mail from Chris Dalton reneging on his prior agreement to grant an extension to Plaintiff is attached hereto as Exhibit C. A true and correct copy of the e-mail from Scott Bravell of Xerox, with the bate-stamp "XER 000291 which I received from Plaintiff's prior counsel as discovery from Defendant Xerox, is attached is hereto as Exhibit D.

EX PARTE APPLICATION TO WITHDRAW DEEMED ADMISSIONS

I declare under penalty of perjury that the foregoing is true and correct and of my personal knowledge.  Executed in Los Angeles, California, on September 19, 2017.

                    Signed: /S/ Renée L. Campbell
                    Renée L. Campbell, Attorney for Plaintiff
                        Dual Diagnosis Assessment and
                        Treatment Center, Inc.

LAW OFFICES OF EDI M. O. FAAL
1055 W. SEVENTH STREET, SUITE 2140
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 534-0344 • FAX: (213) 534-0347

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF EDI M. O. FAAL
1055 W. SEVENTH STREET, SUITE 2140
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 534-0344 • FAX: (213) 534-0347

EX PARTE APPLICATION TO WITHDRAW DEEMED ADMISSIONS